UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **GREGORY CATHEY** ] | |
| Petitioner, ] | |
| ] | |
| v. ] | No. 3:09-0429 |
| ] | Judge Trauger |
| **UNITED STATES OF AMERICA** ] | |
| Respondent. ] | |

**M E M O R A N D U M**

The petitioner, proceeding *pro se*, is an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee. He brings this action pursuant to 28 U.S.C. § 2255 against the United States of America, seeking to vacate, set aside or correct his sentence.[1]

In November, 2005, the petitioner pled guilty in federal court to being a convicted felon in possession of a firearm. United States of America v. Gregory Cathey, Crim. No. 3:05-00051 (M.D. Tenn.); Docket Entry No. 23. For this crime, he received a sentence of 120 months in prison, to be followed by three years of supervised release. *Id.* at Docket Entry No. 39.[2]

Shortly after his sentencing in federal court, the petitioner pled guilty in the Criminal Court of Rutherford County to attempted murder and two counts of aggravated assault. The state court

---

[1] Joe Easterling, Warden of the Hardeman County Correctional Facility, was originally named as the respondent to this action. However, he was later replaced as respondent. *See* Docket Entry No. 6.

[2] Apparently, there was no direct appeal of the conviction or sentence taken by the petitioner.

1

imposed an aggregate sentence of fifteen years in prison for his crimes. Docket Entry No. 14-1.

On May 13, 2009, the petitioner initiated this action by moving the Court to vacate, set aside or correct his federal sentence (Docket Entry No. 1). He challenges events that occurred both prior to and after the imposition of his federal sentence. More specifically, the petitioner claims that the guilty plea he offered in federal court was not voluntarily, knowingly nor intelligently given "because of the defense attorneys (both state and federal) leading petitioner to believe that state time and federal time would be served concurrently, which has not been the case". Docket Entry No. 1 at pg. 3, ¶ 24. He further claims that his Federal Public Defender was ineffective because he "misrepresented the true effects of the plea." *Id.* at pg. 5.[3]

Upon preliminary review of the motion, the Court determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 2) was entered directing the United States Attorney for this judicial district to file an answer, plead or otherwise respond to the motion. Rule 5 --- Rules Governing § 2255 Cases.

Presently pending before the Court is the Government's Response (Docket Entry No. 14) to the petitioner's motion and the petitioner's Reply (Docket Entry No. 15) to the Government's Response. The Government contends that this action should more properly be characterized as one brought pursuant to 28 U.S.C. § 2241 rather than § 2255. It is further asserted that, as a § 2241 action, the petitioner's claims are premature and subject to dismissal because the petitioner has not yet exhausted his available administrative remedies.

When a federal prisoner seeks to challenge his conviction or the imposition of a sentence

---

[3] The petitioner was represented by C. Douglas Thoresen, an Assistant Federal Public Defender for this judicial district.

post-conviction, the proper vehicle for such an action is a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255, filed in the district court that imposed the sentence. In re Gregory, 181 F.3d 713, 714 (6th Cir. 1999). But to attack the execution of an otherwise legally imposed sentence, a federal prisoner must proceed under 28 U.S.C. § 2241 in the district court having jurisdiction over his custodian. United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Cohen v. United States, 593 F.2d 766, 770 (6th Cir. 1979)("judicial review of events occurring after sentence is properly had under § 2241").

In this case, the petitioner's motion raises three claims for relief. He questions the validity of his guilty plea and argues that he was denied the effective assistance of counsel. These claims are challenges to the underlying conviction and the imposition of a sentence. Therefore, these claims are clearly cognizable in an action brought under § 2255. The petitioner's remaining claim, i.e., whether his federal sentence should be served concurrent with or consecutive to his state sentences, however, does not go to the legality of the underlying conviction and sentence. This claim is an attack upon the way that prison officials are executing his sentence. Thus, this claim is more appropriately raised in an action brought pursuant to 28 U.S.C. § 2241. Cohen, *supra*.

The Government, noting that the petitioner ultimately seeks relief in the form of concurrent sentences, has urged the Court to treat the entire action as a § 2241 petition and dismiss it without prejudice for failure to exhaust administrative remedies. Docket Entry No. 14 at pg. 1. Exhaustion of administrative remedies is a prerequisite to obtaining relief under § 2241. Fazzini v. Northeast Ohio Correctional Center, 473 F.3d 229, 231 (6th Cir. 2006). In his Reply to the Government's Response, though, the petitioner alleges that he has exhausted all administrative remedies available to him through the Bureau of Prisons with respect to the service of his sentence. Docket Entry No.

3

15 at pg. 2.

Even if the petitioner has indeed exhausted his administrative remedies regarding the service of his sentence, a § 2241 claim must be brought in the judicial district having jurisdiction over the petitioner's custodian. Jalili, *supra*. The petitioner is currently confined at the Hardeman County Correctional Facility, which lies within the Western District of Tennessee. 28 U.S.C. § 121(c)(1). The petitioner's custodian, therefore, is subject to the jurisdiction of the federal court in that judicial district. Hence, dismissal of the petitioner's § 2241 service of sentence claim without prejudice would be appropriate to enable him to raise this claim in the proper judicial district. 28 U.S.C. § 1406(a).

As noted above, the petitioner's motion is a hybrid in the sense that it includes both § 2241 and § 2255 claims. The Government's Response addresses only the § 2241 claim and has completely ignored the petitioner's claims that are properly before the Court for § 2255 review. The petitioner has alleged ineffective assistance of counsel that led to an involuntary and unknowing guilty plea. These are independent claims that do not require a ruling on the execution of petitioner's sentence to have vitality. Accordingly, the Government shall be afforded another opportunity to respond to these particular claims.

A appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge